In the Matter of the Application of DAVID M. OLTARSH, Petitioner, for a Peremptory Order of Mandamus against SAMUEL LEVY, as President of the Borough of Manhattan, City of New York, Respondent.*

Supreme Court, New York County, March 15, 1934.

*Cohen, Gutman & Richter* [*Julius Henry Cohen* and *Burton A. Zorn* of counsel], for the New York State Society of Professional Engineers, as *amicus curiæ*.

*John J. Bennett, Jr., Attorney-General* [*Dorothy M. Smith, Assistant Attorney-General,* of counsel], for the petitioner.

*Paul Windels, Corporation Counsel* [*J. G. L. Molloy* and *Sidney B. Schatkin* of counsel], for the defendant.

MILLER, J.   This is an application for peremptory order of mandamus to compel defendant, the president of the borough of Manhattan, to accept for filing a vault survey made by petitioner.

The petitioner is not a city surveyor.   He is a land surveyor of the State of New York, licensed to practice pursuant to article 55 of the Education Law.   A vault survey, prepared and presented

---

* Affd., 242 App. Div. 617.

for filing by petitioner, has been rejected by defendant. Rejection was made on the ground that an ordinance requires such a survey to be prepared by a city surveyor (Code of Ordinances, chap. 23, art. 17, § 240, subd. 5), who must be appointed to that office in accordance with article 10 of chapter 2 of the Code of Ordinances.

Article 55 of the Education Law provides for the licensing of professional land surveyors by the State. It prohibits any unlicensed person (with some exceptions that are not important here) from engaging in the practice of land surveying. This statute is general in its application. Since ordinances must yield if they conflict with a State statute, it becomes necessary to determine whether the ordinances cited are inconsistent with article 55 of the Education Law.

The office of city surveyor is an ancient one. As early as 1691 statutory authority to appoint these surveyors was granted to the municipality (Laws of 1691, chap. 18). That power has been continued or renewed from time to time. At present authority to appoint city surveyors exists by reason of article 10 of chapter 2 of the Code of Ordinances. That article provides for a board to examine the competency and fitness of candidates for that office. The examining board is required to certify a list of qualified applicants to the board of aldermen. City surveyors may be appointed by the board of aldermen only from that list. Appointees must take an oath to perform " well and truly " the work required of them. It is also provided (Chap. 23, art. 17, § 240, subd. 5) that applicants for permits to construct new vaults, or to maintain old ones, shall present a survey made and certified by a city surveyor. These ordinances are not in conflict with article 55 of the Education Law. A person desiring to practice land surveying within the city of New York must be licensed under that statute. The ordinances do not directly or indirectly dispense with this requirement. Hence no one may act even as a city surveyor (unless within the exemptions prescribed by section 1457 of the Education Law) without being the holder of a State license.

Under the ordinances, however, the holder of a State license as land surveyor may not prepare and file a vault survey with the city unless, in addition, after having passed an examination by the city's examining board, he has been appointed a city surveyor and has duly qualified as such. Such a requirement is not unreasonable. Vault surveys are not intended merely for filing in the archives of the city but for use by it. The answer of the city, with its supporting affidavits, shows plainly that the peculiar topography of the city justified the added protection afforded by its own examinations, which test the competency and fitness of applicants in respect to

local conditions. The city should not, therefore, be denied the right it has exercised, undisturbed for centuries, to fix and examine into the qualifications of those who must prepare vault surveys for its own use so long as it does not attempt to abrogate the requirement of a State license.

While the ordinances deny to the petitioner the right to file vault surveys with the city, as he is not a city surveyor, they do not prevent him from engaging in the private practice of land surveying within the city. The ordinances and the Education Law when read together are not in conflict with each other. The ordinances are, therefore, valid.

The motion for a peremptory order of mandamus is denied.